**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CESAR LUCIEN,** on behalf of himself and
all others similarly situated,

                Plaintiff,                    Case No. 1:25-cv-07126

        v.

THE AZEK COMPANY INC.;              **CLASS ACTION COMPLAINT**
AZEK EXTERIORS, LLC (d/b/a AZEK Exteriors);  **AND DEMAND FOR JURY**
TIMBERTECH LIMITED (d/b/a TimberTech);    **TRIAL**
STRUXURE OUTDOOR, LLC (d/b/a StruXure);
ULTRALOX INTERLOCKING TECHNOLOGY, LLC
(d/b/a Ultralox);
INTEX MILLWORK SOLUTIONS, LLC (d/b/a INTEX
Millwork);
RETURN POLYMERS, INC. (d/b/a Return Polymers)

                Defendants.

-------------------------------------------------------------------

      Plaintiff, Cesar Lucien ("Plaintiff" or "Me. Lucien"), on behalf of himself and all

others similarly situated (collectively, "Plaintiffs"),  by and through their undersigned

counsel, JOSEPH & NORINSBERG, LLC, as and for their class action complaint upon

Defendant, THE AZEK COMPANY INC.; AZEK EXTERIORS, LLC (d/b/a "AZEK

Exteriors"); TIMBERTECH LIMITED (d/b/a TimberTech); STRUXURE OUTDOOR,

LLC (d/b/a StruXure); ULTRALOX INTERLOCKING TECHNOLOGY, LLC (d/b/a

Ultralox); INTEX MILLWORK SOLUTIONS, LLC (d/b/a INTEX Millwork); RETURN

POLYMERS, INC. (d/b/a Return Polymers)" or "Defendant"), hereby alleges as follows:

## INTRODUCTION

      1.    Plaintiff Cesar Lucien is a visually-impaired and legally blind individual

diagnosed with **Stargardt's Disease**, a progressive retinal condition that severely impairs

central vision. (See Exhibit A – Legally Blind Diagnosis, dated May 22, 2025.) Plaintiff

relies exclusively on screen-reading software, specifically the non-commercial, open-

source screen reader, NonVisual Desktop Access (NVDA) to access digital content on his computer. For purposes of this Complaint, Plaintiff uses the terms "blind" and "visually-impaired" interchangeably, as his central visual acuity in the better eye, with best correction, is less than or equal to 20/200, consistent with the legal definition of blindness under federal and state law. Individuals who meet this threshold may retain limited peripheral vision or experience complete vision loss; in either case, they are functionally excluded from visual interfaces without assistive technology.

2.     Defendant The AZEK Company Inc. is a Delaware corporation headquartered in Chicago, Illinois, owning and operating multiple subsidiaries in the building products industry, including but not limited to AZEK Exteriors, TimberTech, StruXure, Ultralox, INTEX Millwork, and Return Polymers. Each subsidiary maintains its own public-facing website (collectively, the "Websites"), which offer consumers nationwide—including in New York—access to information, product specifications, purchasing pathways, and other services. These Websites are integrated into Defendants' marketing and sales operations and serve as digital storefronts for home improvement and DIY products.

3.     Plaintiff **Cesar Lucien** brings this action against **The AZEK Company Inc.** and its subsidiaries for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. Defendants—including but not limited to **AZEK Exteriors**, **TimberTech**, **StruXure**, **Ultralox**, **INTEX Millwork**, and **Return Polymers**—are national retailers and manufacturers of building products. Each subsidiary maintains its own public-facing website (collectively, the "Websites"), which offer consumers across the United States—including in **New York**—access to product specifications, installation

guidance, distributor locators, and other commercial services. These Websites are not merely informational; they are fully integrated into Defendants' marketing, sales, and customer engagement operations, functioning as digital storefronts for home improvement and DIY products.

4.      Each of AZEK's subsidiaries maintains a distinct website— www.timbertech.com, www.azekexteriors.com, www.struxure.com, www.ultralox.com, www.returnpolymers.com, and www.intexmillwork.com—which serve as primary gateways for consumers, contractors, and distributors to engage with AZEK's products and services. These websites are not standalone marketing tools; they are integral components of AZEK's national sales infrastructure, offering product specifications, installation guidance, distributor locators, and customer support. Plaintiff brings this civil action based on Defendants' failure to design, construct, maintain, and operate these websites in a manner that is fully accessible to—and independently usable by—blind and visually-impaired individuals, including Plaintiff. This failure constitutes a violation of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and the New York Civil Rights Law ("NYCRL").

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12182, as Plaintiff's claims arise under Title III of the ADA.

6.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims under the New York State Human Rights Law, Article 15 (Executive Law § 290 et seq.) ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin.

Code § 8-101 et seq., ("NYCHRL") & § 296 et seq.; and the New York State Civil Rights Law, Article 4, § 40-c and § 40-d ("NYCRL").

7.    Venue is proper in this District under 28 U.S.C. §1391(b) and (c), in that Defendant conducts and continues to conduct a substantial and significant amount of business in this District, via the Internet and a substantial portion of the conduct complained of herein occurred in this District because Plaintiff attempted to utilize, on several occasions, the subject Websites within his home in Bronx County, New York, which is located within this Judicial District.

8.    Defendant has been and is committing the acts or omissions alleged herein in the Southern District of New York, and in so doing, violated the rights the ADA prescribes to Plaintiff and to other blind and other visually impaired-consumers, causing them to suffer injury. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District on several separate occasions.

9.    Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered to the general public, on Defendant's Websites in Bronx County, New York. These access barriers that Plaintiff encountered have caused a denial of Plaintiff's full and equal access multiple times in the past and now deter Plaintiff on a regular basis from accessing the Defendant's Websites in the future. Most courts support the placement of venue in the district in which Plaintiff tried and failed to access a website. [1]

---

[1] *See, e.g. Chloe NA v. Queen Bee of Beverly Hills, LLC.,* 616 F.3d 158 (2d Cir. 2010*); Reed v. 1-800-Flowers.com, Inc.*, 327 F.Supp.3d 539 (E.D.N.Y. 2018) (exercising personal jurisdiction over forum plaintiff's website accessibility claims against out-of-forum website operator); *Andrews v. Blick Art Materials*, LLC, 286 F. Supp. 3d 365 (E.D.N.Y. 2017); *see also Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S.Ct. 1017 (2021) (personal jurisdiction can be found as long as the company conducted business in the consumer's home state that relates in some way to the consumer's injuries, such as engaging in other transactions for similar products).

10.    The United States Department of Justice Civil Rights Division has recently stated that, "[t]he Department has consistently taken the position that the ADA's requirements apply to all the goods, services, privileges, or activities offered by public accommodations, including those offered on the web." (*See* Guidance on Web Accessibility and the ADA)

11.    Pursuant to New York Civil Rights Law § 40-d, Plaintiff has provided written notice of this action to the Office of the New York State Attorney General contemporaneously with the filing of this Complaint. A true and correct copy of the notice has been duly served on the Attorney General of the State of New York.

12..    This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## PARTIES

13.    Plaintiff is a blind, visually-impaired handicapped person, and a member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*., and the NYCHRL. Plaintiff is unable to utilize a computer or device without the assistance of screen-reading software, such as Nonvisual Desktop Access or "NVDA." Plaintiff, Cesar Lucien, is and was at all relevant times a resident of Bronx County, New York. Plaintiff is legally blind and qualifies as an individual with a disability under the ADA, NYSHRL, and NYCHRL.

14.    Defendant The AZEK Company Inc. owns and operates multiple subsidiaries, including: • AZEK Exteriors, LLC – operates azekexteriors.com, offering trim, siding, and molding. • TimberTech Limited – operates timbertech.com, offering

decking,          railing,          lighting,          and          sample          ordering.
• StruXure Outdoor, LLC – operates struxure.com, offering motorized pergolas and
cabanas, • Ultralox Interlocking Technology, LLC – operates ultralox.com, offering
aluminum railing systems, • INTEX Millwork Solutions, LLC – operates
intexmillwork.com, offering pergolas, railing, and custom millwork.
• Return Polymers, Inc. – operates returnpolymers.com, offering recycled polymer
materials.

<u>**NATURE OF ACTION – STANDING**</u>

15.    This action arises under Title III of the ADA, challenging Defendants'
operation of consumer-facing websites that deny blind and visually impaired individuals
full and equal access. Upon information and belief, Defendant has failed to implement a
meaningful accessibility policy, conduct regular audits, or engage disabled users in
usability testing. The barriers encountered by Plaintiff are systemic and ongoing.

16.    Plaintiff attempted to use each Website multiple times to research and
purchase products for ongoing DIY home improvement projects, including exterior trim,
moulding, decking, railing, pergolas, and aluminum railing systems. Despite using
industry-standard screen-reading software, Plaintiff encountered numerous accessibility
barriers, including missing alternative text for images, unlabeled form fields and buttons,
keyboard traps, insufficient color contrast, inaccessible PDFs, and non-functional
embedded maps and dealer locators.

17.    Specifically, on July 28, 2025, Plaintiff attempted to engage with multiple
AZEK Brand Websites to research building materials for a planned home renovation. On
**TimberTech.com**, he sought to order decking samples but was blocked by unlabeled
buttons and inaccessible dropdown menus**,** which prevented him from selecting product

types or submitting a request. On **AZEKExteriors.com**, he attempted to review product specifications but encountered improper heading structures **and** non-descriptive links**,** making navigation disorienting and content unreadable. On **ReturnPolymers.com**, Plaintiff sought information about PVC recycling but was unable to access PDF documents that lacked screen reader tagging, rendering them completely inaccessible. On **Ultralox.com**, he attempted to view installation instructions but was met with a document viewer incompatible with screen readers, which failed to expose content to accessibility APIs. On **StruXure.com**, Plaintiff explored pergola options but was unable to activate interactive configurators and dropdowns due to JavaScript barriers that did not respond to keyboard input or screen reader commands. On **Versatex.com**, he tried to locate trim and moulding specifications but was impeded by data tables lacking semantic markup**,** which prevented his screen reader from conveying column headers or cell relationships.

18.    On August 3, 2025, and on August 12, 2025, Plaintiff returned to the websites to determine whether any or all had been remediated in the interim to no avail. As a result of these barriers, Plaintiff was unable to complete any of the intended tasks across the AZEK Brand Websites. He was denied access to product information, ordering tools, installation guidance, and sustainability resources—services readily available to sighted users. Plaintiff felt excluded, frustrated, and demeaned by Defendants' failure to provide equal access. These experiences were not isolated; they reflect a systemic pattern of inaccessibility confirmed by automated audits, conducted on August 23, 2025, which revealed widespread violations of the **Web Content Accessibility Guidelines (WCAG 2.1)**, including failures under Success Criteria 1.1.1 (Non-text Content), 2.4.6 (Headings and Labels), 4.1.2 (Name, Role, Value), and others. **(See Ex.   ) (WAVE Audit Reports)**

19.    Plaintiff remains deterred from returning to these websites until meaningful remediation occurs. Despite the barriers he encountered, Plaintiff intends to return to the AZEK Brand Websites because they offer affordable, durable building materials that align with his budget-conscious renovation goals. As an apartment owner with limited financial resources, Plaintiff relies on online platforms to research, compare, and purchase products without incurring the added cost of in-person consultations or travel. AZEK's suite of brands—including TimberTech, Versatex, and StruXure—advertise cost-effective solutions for decking, trim, and outdoor structures, making them especially attractive to consumers like Plaintiff who must maximize value without compromising quality. These websites are not just informational; they are gateways to accessible pricing, sample ordering, and sustainability initiatives that Plaintiff actively seeks out. His desire to return is driven by necessity, not preference—he cannot afford to simply "shop elsewhere" when these platforms offer the very products and price points he needs to make informed, economical decisions.

## CLASS ACTION ALLEGATIONS

20..    Plaintiff, on behalf of himself and all others similarly situated, seeks to certify a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who have attempted to access any of Defendants' Websites and as a result have been denied access to the equal enjoyment of goods and services, during the relevant statutory period.

21.    Plaintiff, on behalf of himself and all others similarly situated, also seeks to certify a New York City Subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the City and State of New York who have attempted to access any of

Defendants' Websites and as a result have been denied access to the equal enjoyment of goods and services offered, during the relevant statutory period.

21.     Common questions of law and fact include: (i) whether the Websites are public accommodations under the ADA; (ii) whether Defendants have denied full and equal enjoyment of their goods and services to people with visual disabilities; (iii) whether Defendants' conduct violates the ADA, NYCHRL, NYCRL, and NYSHRL.

22.     Plaintiff's claims are typical of the Class, and he will fairly and adequately protect the interests of the Class with the assistance of counsel experienced in ADA website accessibility litigation.

23.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members because Plaintiff has retained and is represented by counsel who is competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the Class Members. Class certification of the claims is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

24.     Alternatively, Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because fact and legal questions common to Class Members predominate over questions affecting only individual Class Members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

25.     Judicial economy will be served by maintaining this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system

by the filing of numerous similar suits by people with visual disabilities throughout the United States.

26.    Moreover, judicial economy will be served maintaining this lawsuit as a class action for numerosity purposes in that it is likely that the number of patrons who have attempted to utilize the services of Defendant's online platform exceeds 50 or more sight-impaired individuals.

### FIRST CAUSE OF ACTION
(Violations of the ADA, 42 U.S.C. § 12182 et seq.)

27.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation above as if fully set forth herein.

28.    Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42  U.S.C. § 12182(a).

29.    Defendant's    Website[s] are "public accommodation[s]" within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). The Website[s] are a service that is offered to the general public, and as such, must be equally accessible to all potential consumers.

30.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

31.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, *inter alia*:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; [and] a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

32.     The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits her major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the Website, has not been provided services that are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as the violations are ongoing.

33.     Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth below. Defendants' Websites are public accommodations under 42 U.S.C. § 12181(7). Defendants have denied individuals with disabilities the opportunity to participate in and benefit from their goods

and services, failed to make reasonable modifications, and failed to provide auxiliary aids and services necessary to ensure effective communication.

**SECOND CAUSE OF ACTION**
(Violations of the New York City Human Rights Law)

34.     Plaintiff,  Lucien Cesar. on behalf of himself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

35.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: [b]ecause of any person's . . . disability . . . directly or indirectly: [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation".

36.     Defendant's Websites  are  " public  accommodation[s]"  within  the definition  of N.Y.C. Admin. Code § 8-102(9).

37.     Defendant is subject to NYCHRL because it owns and operates the Website, www.twinspires.com, making it a "person" within the meaning of N.Y.C. Admin. Code § 8-102(1).

38.     Defendant is in violation of N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Defendant's Website causing the Website and the services integrated completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, products, and services that Defendant

makes available to the non-disabled public.

39.    Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability not to provide  a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

40.    Defendant's actions constitute willful intentional discrimination against the Sub-Class on the basis of a disability in violation of the N.Y.C. Administrative Code § 8107(4)(a) and § 8-107(15)(a), in that Defendant has:

   a.    constructed and maintained Website[s] that are inaccessible to blind class members with knowledge of the discrimination; and/or

   b.    constructed and maintained Website[s] that are sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

   c.    failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

41.    Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as these violations are ongoing.

42.    As such, Defendant discriminates and will continue in the future to discriminate against Plaintiff and other members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website under N.Y.C. Administrative Code § 8-107(4)(a). Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

43.     Defendant's actions were and are in violation of the NYCHRL, and therefore, Plaintiff invokes the right to injunctive relief to remedy the discrimination.

44.     Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

45.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

46.     Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

47.     Defendants' conduct violates the NYCHRL by denying full and equal enjoyment of their Websites to blind users. Defendants have failed to make reasonable accommodations to enable persons with disabilities to access their digital content.

## THIRD CAUSE OF ACTION
(Violations of the New York State Human Rights Law)

48.     Plaintiff, Lucien Cesar, on behalf of himself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

49.     At all times relevant to this action, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law §§ 290 et seq., covers the actions of the Defendants.

50.     Plaintiff, at all times relevant to this action, as a result of his loss of vision, has a substantial impairment to a major life activity and is an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

51.     Defendants, at all relevant times to this action, owns and operates a place of

public accommodation, , the subject Website[s], within the meaning of Article 15 of N.Y. Executive Law § 292(9). Defendant is a "person" within the meaning of Article 15 of N.Y. Executive Law § 292(1).

52.    Plaintiff has visited the Websites on a number of occasions and has encountered barriers to his access that exist.

53.    Pursuant to Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

54.    Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices, or procedures when they are necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities. Article 15 of N.Y. Executive Law § 296(2)(a), § 296(2)(c)(i).

55.    Defendant's actions violate Article 15 of N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating a website that is inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof without the use of a screen-reading program; (ii) by not removing access barriers to its Website in order to make accessibility features of the Website known to disabled individuals who are sight-impaired; and (iii) by refusing to modify the Website when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities.  This inaccessibility denies disabled

individuals who are sight-impaired, full, and equal access to the facilities, goods, and services that the Defendant makes available to individuals who are not disabled and can see without the need of a screen-reading program or other similar device. Article 15 of N.Y. Exec. Law § 296(2)(c).

56.    The Defendant's discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of N.Y. Exec. Law

§ 296(2)(c).

57.    Established guidelines exist for making websites accessible to disabled individuals. The International Website Standards Organization, the Worldwide Consortium, known throughout the world as "W3C," has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). WCAG 2.1 are well-established guidelines for making websites accessible to the blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure websites are accessible.

58.    Defendant has intentionally and willfully discriminated against the Plaintiff and Subclass and  violation of the New York State Human Rights Law, Article 15 of N.Y. Exec. Law § 296(2) and the discrimination continues to date.

59.    Absent injunctive relief, Defendant's discrimination will continue against Plaintiff and Subclass causing irreparable harm.

60.    Plaintiff and the Subclass are therefore entitled to compensatory damages,

civil penalties and fines for each and every discriminatory act in addition to reasonable attorney fees and costs and disbursements of this action. Article 15 of N.Y. Exec. Law §§ 297(9), 297(4)(c) *et seq.*

## FOURTH CAUSE OF ACTION
### (Violation of New York State Civil Rights Law)
### ("NYCRL")

61.     Plaintiff, Lucien Cesar, on behalf of himself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

62.     Plaintiff served notice thereof upon the New York State Attorney General, as required by N.Y. Civil Rights Law § 41. (Exhibit 1) (Notice to Attorney General)

63.     Persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No persons, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, and privileges thereof. N.Y. Civ. Rights Law § 40.

64.     No person because of disability, as defined in § 292(21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation, or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("NYCRL") § 40-c.

65.     § 292 of Article 15 of the N.Y. Executive Law deems a disability a physical, mental, or medical impairment resulting from anatomical, physiological, genetic, or

neurological conditions which prevents the exercise of a normal bodily function. As such, the Plaintiff is disabled under the N.Y. Civil Rights Law.

66.     Defendant discriminates against the Plaintiff and Subclass under NYCRL § 40 as Defendant's Website is a public accommodation that does not provide full and equal accommodation, advantages, facilities, and privileges to all persons and discriminates against disabled individuals who are sight impaired.

67.     Defendant intentionally and willfully failed to remove the barriers on their Websites discriminating against the Plaintiff and Subclass preventing access in violation of NYCRL § 40.

68.     Defendant has failed to take any steps to halt and correct its discriminatory conduct and discriminate against the Plaintiff and the Subclass members.

69.     Under N.Y. Civil Rights Law § 41, "a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the plaintiff or defendants shall reside." *Id...*

70.     Plaintiff and the SubClass hereby demand compensatory damages of five hundred dollars ($500.00) for the Defendant's acts of discrimination including civil penalties and fines pursuant to N.Y. Civil Law § 40 *et seq.*

### **FIFTH CAUSE OF ACTION**
**(Declaratory Relief)**

71.     Plaintiff, on behalf of himself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

72.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the products, services and facilities of the Website, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.* prohibiting discrimination against the blind.

73.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know its respective rights and duties and act accordingly.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court grant the following relief:

a.    A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

b.    A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website fully compliant with the requirements set forth in the ADA, and the implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c.    A declaration that Defendant owns, maintains and/or operates the Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

d.    An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and Plaintiff's attorneys as Class Counsel;

    e.      Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of civil rights under New York City Human Rights Law, the New York State Human Rights Law and the New York State Civil Rights Law;

    f.      Pre-judgment and post-judgment interest;

    g.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    h.      Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Dated: New York, New York
       August 27, 2025

                                       Respectfully submitted,

                                       **JOSEPH & NORINSBERG, LLC**

                                       _____

                                         Michael A. James, Esq.
                                       Jon L. Norinsberg, Esq.
                                       *Attorneys for Plaintiff*
                                       110 East 59th Street, Suite 2300
                                       New York, New York 10022
                                       Tel. No.: (212) 227-5700
                                       Fax No.: (212) 656-1889
                                       Mjames@employeejustice.com
                                       jon@norinsberglaw.com